UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK M. JUSTIN,<br><br>        Plaintiff,<br><br>   v.<br><br>REAL OPTIONS FOR CITY KIDS, et al.,<br><br>        Defendants. | Case No. 24-cv-03309-AMO<br><br>**ORDER GRANTING IFP APPLICATION & SCREENING COMPLAINT**<br><br>Re: Dkt. Nos. 1, 2 |
| MALIK M. JUSTIN,<br><br>        Plaintiff,<br><br>   v.<br><br>REAL OPTIONS FOR CITY KIDS, et al.,<br><br>       Defendants. | Case No. 24-cv-03382-AMO<br><br>Re: Dkt. Nos. 1, 2 |
| MALIK M. JUSTIN,<br><br>        Plaintiff,<br><br>   v.<br><br>SAN FRANCISCO STATE UNIVERSITY, et al.,<br><br>       Defendants. | Case No. 24-cv-03383-AMO<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff Malik M. Justin, who is self-represented, has filed an application to proceed in forma pauperis ("IFP"), meaning without prepayment of fees or security. ECF 2 (N.D. Cal. Case No. 24-cv-03309). Having considered the papers, the Court **GRANTS** the IFP applications in all the above-captioned cases. The Court further screens the Complaint (ECF 1) pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii) and determines that it fails to state a claim on which relief may be granted.

The Court issues this Order in all three of the separate, related actions filed by Justin because the factual statement in both of the later-filed cases refers back to the first-filed case (3:24-cv-3309), showing that the cases rise and fall together. *See Justin v. Real Options for City Kids et al.*, N.D. Cal. Case No. 3:24-cv-3382 (Complaint's statement of facts reads, "On going to case number CV24-3309"); *Justin v. San Francisco State University et al.*, N.D. Cal. Case No. 3:24-cv-3383 (Complaint's statement of facts reads, "On going case number").

## I. IN FORMA PAUPERIS

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that they are unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Justin's financial affidavit (ECF 2), the Court finds that he satisfies the economic eligibility requirement of Title 28 U.S.C. § 1915(a) and **GRANTS** his application to proceed IFP.

## II. SCREENING THE COMPLAINT

The Court's grant of Justin's application to proceed IFP, however, does not mean that he may continue to prosecute the Complaint. The Court must screen the Complaint to assess whether it presents sufficient factual matter to proceed.

### A. Legal Standard

A complaint filed by a person proceeding in forma pauperis under Title 28 U.S.C. § 1915(a) is subject to a mandatory sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under Section 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126-27.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

1  2012).  Thus, the complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2),
2  and "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its
3  face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.
4  544, 547 (2007)).  *See also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)
5  ("Dismissal [under Rule 12(b)(6)] can be based on the lack of a cognizable legal theory or the
6  absence of sufficient facts alleged under a cognizable legal theory.").

7  Federal courts must liberally construe complaints filed by self-represented plaintiffs.
8  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).
9  A self-represented plaintiff need only provide defendants with fair notice of their claims and the
10  grounds upon which they rest.  *Hearns*, 413 F.3d at 1043.  A self-represented plaintiff need not
11  plead specific legal theories so long as sufficient factual averments show that they may be entitled
12  to some relief.  *Id.* at 1041.

### B. Analysis

Here, Justin asserts that three statutes have been violated: "USC 1030 . . . USC 2511 . . . USC 1343 [sic]."  Compl. at 2, 5 (N.D. Cal. Case No. 24-cv-03309).  Justin does not provide a title number for the United States Code Sections referenced, nor does he provide any further description of the legal rights he seeks to enforce.  Justin fails to provide the necessary specificity regarding the legal bases for his lawsuit, and this deficiency alone is sufficient to warrant dismissal for failure to state a claim.

Relying on the minimal facts alleged in the Complaint and drawing reasonable inferences in Justin's favor, the Court infers that Justin seeks to allege wire fraud under the following statutes: (1) 18 U.S.C. § 1030 – Fraud and related activity in connection with computers; (2) 18 U.S.C. § 2511 – Interception and disclosure of wire, oral, or electronic communications prohibited; and (3) 18 U.S. Code § 1343 – Fraud by wire, radio, or television.  However, Justin alleges insufficient facts to support these claims.  He states, in full,

> I've been experiencing a major company hack / . . . SSN fraud that came from the San Francisco State University / Real Options for City Kids (R.O.C.K) Program which lead to inactivating my business [due] to multiple / right violations . . . I had to SFPD Incident Number 236176429 please help ASAP.

3

Compl. at 3-4 (cleaned up).  The Court does not understand what allegedly happened to Justin based on the allegations in his Complaint.  The allegations do not describe the most basic aspects of Defendants' conduct, when it took place, or the damages he suffered as a result.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." (citation omitted)).  Justin's Complaint fails to provide sufficient factual matter to state a claim.

### III.  CONCLUSION

For the reasons stated above, the allegations in Justin's Complaint are insufficient to state a claim for relief under Title 28 U.S.C. § 1915(e)(2)(B)(ii).  Because the Complaint contains insufficient factual allegations, the Court **DISMISSES** Justin's complaint with leave to amend.  Justin shall file an amended complaint on or before July 12, 2024.  The amended complaint should be filed in Case Number 3:24-cv-3309.

The Court strongly encourages Justin to consider whether he needs to proceed with these several lawsuits if they are all based on the same facts and seek redress for the same legal violations.  If Justin intends to proceed with one lawsuit, he should file notices of dismissal in the cases he wishes to abandon.  A template Notice of Dismissal is available on the Court's website, located at https://www.cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/.

The Court generally refers Justin to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: June 21, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**